**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,  )<br>   )<br>        Plaintiff/Respondent, )<br>   )<br>vs.  )<br>   )<br>   )<br>Jonathan Bennett Kaytso,  )<br>   )<br>        Defendant/Movant.  )<br>_____ ) | No. CR 00-213-1-PCT-PGR<br>CV 05-1171-PCT-PGR (MS)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE PAUL G. ROSENBLATT, UNITED STATES DISTRICT JUDGE:

     Movant, while confined at the Federal Correctional Institution-Englewood in Littleton, Colorado, filed on April 18, 2005 a "Motion to Vacate, Set Aside or Correct Sentence" ("Motion") pursuant to 28 U.S.C. section 2255. [Doc. # 34].[1]  In his Motion, Movant contends that the Double Jeopardy Clause of the Fifth Amendment precluded the Government from prosecuting him for assault in federal court because the trial court prosecuted him for the same charge. Movant requests release from prison and financial restitution for his unlawful incarceration.

///

///

---

[1] Although Movant's Motion has been assigned a civil number, CV 05-11171-PHX-PGR (MS), all documents related to this motion are filed in the Court's criminal file, CR 00-213-PHX-PGR.  Therefore, whenever the undersigned refers to a document contained in the file for this case, he refers to the docket number of the document contained in the criminal file.

I.  **PROCEDURAL BACKGROUND**

On March 7, 2000, Movant, an Indian, was indicted on four counts of assault resulting in serious bodily injury and assault with a dangerous weapon against Jolinda and Mary Cly, both Indians. [Doc. # 7]. On August 29, 2000, Movant plead guilty to Count I of the Indictment, stipulating to a sentence of 84 months. [Doc. # 26]. The agreement also contained the stipulation that if Movant made a full a complete disclosure to the Probation Department of the circumstances surrounding the offense, he would be eligible for a three-point sentence reduction. On November 13, 2000, Movant was sentenced to 84 months incarceration. [Doc. # 29, 30].

In its response to Movant's 2255 Motion, the Government contends that the Motion is untimely under the Anti-Terrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations. [Doc. # 38]. The Government further avers that even if the Motion was not otherwise time-barred, the Motion fails because the U.S. Supreme Court approved dual prosecution of Indians in federal and tribal court in United States v. Lara, 541 U.S. 193 (2004).

Movant filed a Reply, stating that he has little formal education and no training in legal matters. [Doc. # 40]. Movant further contends that his attorney was aware of his diminished capacity, and failed to inform the Court of such. [Id.]. Petitioner concludes, through his "inmate advocate," that his plea agreement therefore was null and void. Petitioner further claims that his mental disability prevented him from understanding the time limits applicable to his Motion.

II.  **ANALYSIS**

Movant's contends in his Reply, for the first time, that his plea agreement was not knowingly made because of his mental incompetency. Because Movant did not make this claim in the Motion, or seek to amend his Motion, the Court will not consider Movant's claims related to the plea agreement. The Court notes, however, that Movant provides no support for his claim that he was not mentally competent. See infra, section I.A. To the extent that Movant claims his counsel was ineffective

1  for his failure to raise the competency issue, Movant makes no averment that he was
2  prejudiced by counsel's failure. Strickland v. Washington, 466 U.S. 668, 687-88, 694
3  (1984); Hill v. Lockhart, 474 U.S. 52, 57-59 (1985); United States v. Solomon, 795
4  F.3d 747, 749 (9th Cir. 1986).

### A. The One-Year Statute of Limitations

The AEDPA's one-year filing provision is incorporated into section 2255, which reads:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of:
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United Sates is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or,
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(1)-(4). The one year limitation period begins to run from the expiration of the ninety days in which a petition for writ of certiorari in the United States Supreme Court could be filed if the federal prisoner did not in fact file such a petition. United States v. Garcia, 210 F.3d 1058, 1060 (9th Cir. 2000).

Movant's Motion is clearly untimely. Because Movant's Motion is otherwise untimely under 28 U.S.C. section 2255, Movant may show that the lapsed time

should be equitably tolled[2] and the Amended Motion be considered on its merits. "[E]quitable tolling [of the statute of limitations] is 'unavailable in most cases.'" Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)). However, if Movant can prove that "extraordinary circumstances" made it impossible for him to file the motion on time, such tolling of the limitation period may be available. United States v. Battles, 362 F.3d at 1197 (citing Laws v. LaMarque, 352 F.3d 919, 922 (9th Cir. 2003)); Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1289-88 (9th Cir. 1997), cert. denied, 522 U.S. 1099 (1998), rev'd on other grounds, 163 F.3d 530 (9th Cir. 1998) (en banc). Equitable tolling is available when events beyond the control of Movant prohibited him from bringing his Motion to Vacate Sentence. Calderon, 128 F.3d at 1289. Conclusory and unverified statements in a section 2255 Motion that a movant is entitled to equitable tolling because of mental incompetency are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980), cert. denied, 451 U.S. 938 (1981).

Other than Movant's statement that he has past head traumas from automobile accidents that effect his "actions, memory, and mental processes," Movant provides no support for these conclusions. Movant signed a plea agreement indicating that he was competent to plead guilty. [Doc. # 26 at 7]. Movant does not explain in his Reply why he did not raise the issue of his competence with the trial judge during his plea or sentencing. Movant does not contend that he was incompetent during the tribal proceedings on the same charge, or during prior criminal proceedings related to assault and rape. Movant's financial affidavit indicates that he was employed and earning $1000 a month at the time of his arrest. [Doc. # 3]. Although Movant sought to withdraw his plea, Movant stated that it was

---

[5] The Ninth Circuit has expressly held that equitable tolling is available under §2255. United States v. Battles, 362 F.3d 1195, 1196 (9th Cir. 2004).

1  because he was pressured by his attorney and not because he was incompetent to
2  enter it. [Doc. # 28].
3      Even if Movant's claims would establish equitable tolling, however, Movant's
4  substantive claim fails.  See infra, section II.B.
5      **B.    Movant's Double Jeopardy Claim**
6      The Government is correct that the U.S. Supreme Court's decision in United
7  States v. Lara, supra, allows for prosecution of the same crimes in both federal and
8  tribal court based on the "dual sovereign" theory.  Movant does not refute this in his
9  Reply.  Accordingly, the Court will recommend that the Motion be denied.
10 **III.    RECOMMENDATION**
11     Based on the foregoing analysis,
12     IT IS RECOMMENDED that "Motion to Vacate, Set Aside or Correct
13 Sentence" ("Motion") pursuant to 28 U.S.C. section 2255. [Doc. # 34] be DENIED
14 and DISMISSED in its entirety.
15     This recommendation is not an order that is immediately appealable to the
16 Ninth Circuit Court of Appeals.  Any notice of Appeal pursuant to Rule 4(a)(1),
17 Federal Rules of Appellate Procedure, should not be filed until entry of the district
18 court's judgment.  The parties shall have ten (10) days from the date of service of
19 a copy of this recommendation within which to file specific written objections with the
20 Court.  28 U.S.C. §636(b)(1) and Rules 72, 6(a) and 6(e) of the Federal Rules of
21 Civil Procedure.  Failure to timely file objections to any factual determinations of the
22 Magistrate Judge will be considered a waiver of a party's right to *de novo*
23 consideration of the factual issues and will constitute a waiver of a party's right to
24 appellate review of the findings of fact in an order or judgment entered pursuant to
25 the Magistrate Judge's recommendation.
26     DATED this 19th day of September, 2005.
27
28                                                     /s/ Morton Sitver
                                                      Morton Sitver
                                          United States Magistrate Judge