IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff/Respondent,<br><br>vs.<br><br>Jonathan Bennett Kaytso,<br><br>    Defendant/Movant. | No. CR-00-0213-PCT-PGR<br>No. CV-05-1171-PCT-PGR (MS)<br><br>ORDER and OPINION |

    Having reviewed *de novo* the Report and Recommendation issued by Magistrate Judge Sitver in light of the defendant's Rebuttal of Magistrate's Report and Recommendation (doc. #42), the Court finds that the defendant's objections should be overruled as legally meritless and that the Magistrate Judge's recommendation should be affirmed.

    First, the Magistrate Judge correctly concluded that the defendant's § 2255 motion, which was filed some 4½ years after the defendant's judgment of conviction was entered based upon his guilty plea, is time-barred. Pursuant to the Antiterrorism and Effective Death Penalty Act, in most cases, including this one, the one-year statute of limitations under § 2255 begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(1); United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001). This means that the limitations period here began to run upon the expiration of the time during which the defendant could have sought review by

1 direct appeal.  Schwartz, 274 F.3d at 1223.  Because the defendant did not file a direct
2 appeal, the limitations period expired years before the defendant filed his § 2255
3 motion.

4 Second, although the limitations period may be equitably tolled if extraordinary
5 circumstances beyond the prisoner's control make it impossible to file a habeas petition
6 on time and the extraordinary circumstances were the cause of the untimeliness, Laws
7 v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003), the Magistrate Judge correctly
8 concluded that equitable tolling cannot be applied here to rectify the defendant's
9 untimely filing of his § 2255 motion.  While a prisoner's mental incompetency during the
10 limitations period can justify the tolling of the AEDPA's statute of limitations if it is the
11 cause of the prisoner's failure to meet the filing deadline, id. at 923, the defendant's
12 contention that he suffers from diminished mental capacity involving memory loss and a
13 memory disorder as a result of past head traumas from six automobile accidents is
14 insufficient to invoke equitable tolling because (1) it is totally conclusory and
15 unsupported by the record, and (2) the defendant does not allege that his alleged
16 impairment was the "but-for" cause of his untimeliness.

17 Third, the Magistrate Judge correctly determined that even if the defendant's
18 § 2255 motion can be deemed to have been timely filed, the only claim raised in his
19 motion, which is that the Double Jeopardy Clause of the Fifth Amendment precluded the
20 United States from prosecuting the defendant for assault in federal court because the
21 tribal court had prosecuted him for the same charge, is meritless as a matter of law due
22 to the "dual sovereignty" exception to the Double Jeopardy Clause.  The Supreme Court
23 has expressly determined that the Double Jeopardy Clause does not prohibit the United
24 States from prosecuting a defendant for a discrete federal offense notwith-standing a
25 tribal prosecution inasmuch as the source of the tribe's prosecutorial power is inherent
26 tribal sovereignty and not delegated federal power.  United States v. Lara, 541 U.S.
27 193, 124 S.Ct. 1628 (2004); *accord*, United States v. Enas, 255 F.3d 662, 667 (9th Cir.
28 2001)(en banc), *cert. denied*, 534 U.S. 1115 (2002) ("When a tribe exercises inherent

1  power, it flexes its own sovereign muscle, and the dual sovereignty exception to double
2  jeopardy permits federal and tribal prosecutions for the same crime.")[1]

3  Fourth, to the extent that the defendant is attempting to impliedly amend his
4  § 2255 motion by raising for the first time in his reply to his § 2255 motion, filed on July
5  21, 2005, and supplemented in his objections to the Report and Recommendation, the
6  new argument that his guilty plea was not voluntary because he did not fully understand
7  what he was pleading to due to his mental incapacity, he may not do so.  *See* United
8  States v. Thomas, 221 F.3d 430, 436 (3rd Cir. 2000) (Court noted that "a party cannot
9  amend a § 2255 petition to add a completely new claim after the statute of limitations
10 has expired.")  Therefore,

11 IT IS ORDERED that the Magistrate Judge's Report and Recommendation (doc.
12 #41) is accepted and adopted by the Court.

13 IT IS FURTHER ORDERED that the defendant's Motion to Vacate, Set Aside or
14 Correct his Sentence Based on the Petitioner's Claim of Double Jeopardy Violation
15 (doc. #34), filed pursuant to 28 U.S.C. § 2255, is denied in its entirety.  The Clerk of the
16 Court shall enter judgment accordingly.

17 DATED this 5th day of December, 2005.

Paul G. Rosenblatt
United States District Judge

---

[1] Furthermore, the defendant, by waiving in his plea agreement "any right ... to collaterally attack any matter pertaining to this prosecution and sentence[,]" waived his right to assert his double jeopardy claim.  United States v. Petty, 80 F.3d 1384, 1387 (9th Cir. 1996).